IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JOE WILLIAMS                                                                    PLAINTIFF

v.                              Civil No. 4:25-cv-04086-CDC

GINA BUTLER and SHERIFF BOBBY
WALRAVEN                                                                        DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently before the Court

are two Motions to Dismiss (ECF Nos. 12, 14) and Briefs in Support (ECF Nos. 13, 15) filed by

Defendant Sheriff Bobby Walraven, as well as Plaintiff Joe Williams's Response in Opposition

(ECF No. 29) and Supplements thereto (ECF Nos. 30, 31).  For the reasons given below,

Defendants' Motions will be **GRANTED**.

## I.  BACKGROUND

Plaintiff proceeds *pro se* and *in forma pauperis*.  He is currently incarcerated at the

Arkansas Division of Corrections North Central Unit.  *See* ECF No. 36.  But he filed this lawsuit

regarding events that occurred while he was previously incarcerated at Little River County Jail in

Ashdown, Arkansas.  His original Complaint alleged that while he was there, he suffered a severe

allergic reaction to something in the jail, causing him to experience painful growths on different

parts of his body, and that the Jail Administrator, Gina Butler, unnecessarily delayed getting him

medical treatment for this condition.  *See generally* ECF No. 1, pp. 4–7.  That Complaint also

listed Sheriff Bobby Walraven as a Defendant, *see id.* at 3, but it did not contain any factual

allegations at all about Walraven, *see generally id.*  The Complaint was submitted on the court-

approved form for § 1983 actions brought by prisoners, but pages 6 and 7 from that form were

1

missing. *See id.* at 5–6 (internally numbered as pages 5 and 8). Because those pages were missing and there were no factual allegations regarding one of the named Defendants, the Court sent Plaintiff another copy of the court-approved § 1983 form and directed Plaintiff to submit an amended complaint. *See* ECF No. 3, p. 1.

Plaintiff did then file a First Amended Complaint, but instead of filling out the court-approved form, he handwrote it entirely on notebook paper. *See* ECF No. 10. That filing also did not contain any factual allegations regarding, nor any mention at all of, Defendant Walraven. *See generally id.* Instead, it essentially just repeated the allegations made in the original Complaint regarding Defendant Butler. *See generally id.*

Defendant Walraven has filed two Motions to Dismiss: one regarding Plaintiff's original Complaint, *see* ECF No. 12, and the other regarding Plaintiff's First Amended Complaint, *see* ECF No. 14. Plaintiff has filed a Response to both Motions, *see* ECF No. 29, as well as several supplements thereto, *see* ECF Nos. 30 and 31. Thus both Motions are fully briefed and ripe for decision.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. While the Court will

liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III.  ANALYSIS

Defendant Walraven's argument for dismissal is very straightforward: Plaintiff's pleadings do not state any claim against him because they literally say nothing at all about him.  In his Response, Plaintiff asserts a variety of facts about Walraven that do not appear anywhere in his pleadings: that Walraven is the chief executive of the Little River County Jail; that Walraven must approve transport for medical visits; that Butler reports directly to Walraven; that because Walraven is Sheriff he "has access to" the requests for medical attention and grievances that Plaintiff has submitted; and that Walraven "should know" but "is not concern[ed] about" Plaintiff's medical issues.  *See* ECF No. 29, pp. 2–3.  But even if these facts had been alleged in Plaintiff's Complaint or Amended Complaint, it would not be enough to state a claim against Walraven.

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978).  To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  The Eighth Amendment governs prisoners' claims of deliberate indifference to medical needs generally, but the Fourteenth Amendment governs such claims when they are brought by pretrial detainees.  *See Perry v. Adams*, 993, F.3d 584, 587 (8th Cir. 2021).  However, the same analytical standard applies to such claims regardless of which Amendment is properly invoked.  *See Barton v. Taber*, 908 F.3d 1119, 1123–24 (8th Cir. 2018).  To establish a constitutional violation based on deliberate indifference, a plaintiff must show that he suffered

from an objectively serious medical need and that the defendant had actual knowledge of that need but deliberately disregarded it.  *See Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018).

Here, Plaintiff has alleged ample facts showing that Gina Butler had actual knowledge of his medical issues, including that several doctors discussed his condition with her, *see* ECF No. 1, pp. 4–5, that Plaintiff showed his growths to her, *see id.* at 5, that she gave him Tylenol for his pain, *see id.* at 7, and that she told him a dermatologist would not see him because he was incarcerated, *see* ECF No. 10, p. 1.  By contrast, Plaintiff has not alleged any facts at all that would show actual knowledge of his medical issues on the part of Walraven.  Plaintiff simply alleges, in his Response, that Walraven "should" know about his condition because of Walraven's position atop the jail's administrative hierarchy.  *See* ECF No. 29, p. 1.  Plaintiff argues that Walraven, through his poor oversight, "has shown negligence in his responsibilities in making sure inmates under his care in the Little River County Detention Center have adequate medical care."  *See id.*  But this is not actual knowledge and deliberate indifference.  "'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Mere negligence does not constitute deliberate indifference to prisoners' medical needs.  *See id.*

### IV.  CONCLUSION

For these reasons, Defendant Sheriff Bobby Walraven's Motions to Dismiss (ECF Nos. 12, 14) are **GRANTED**, and Plaintiff's claims against Defendant Walraven are **DISMISSED WITHOUT PREJUDICE**.  This leaves for later resolution Plaintiff's claims against Defendant Gina Butler.

**DATED** this **8th day of July 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE